UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES R. RAYBURN, ET AL.,            )
                                      )
          Plaintiffs,                 )
                                      )          CIVIL ACTION NO.
VS.                                   )
                                      )          3:05-CV-0936-G
UNITED STATES DEPARTMENT OF           )
HOUSING AND URBAN                     )
DEVELOPMENT,                          )
                                      )
          Defendant.                  )

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of defendant, United States Department of

Housing and Urban Development ("HUD" or "the defendant"), to dismiss the

plaintiffs' claims against it.  The plaintiffs, James R. Rayburn and Diane D. Rayburn

("Rayburns" or "the plaintiffs"), failed to respond to the motion, and for the reasons

discussed below, the defendant's motion is granted.

I.  BACKGROUND

On May 10, 2005, the plaintiffs initiated this action against HUD, seeking a

declaration that their residence was designed and constructed pursuant to a HUD-

funded study and accordingly, is covered by a 30-year HUD foundation warranty.

*See* Plaintiffs' Original Complaint and Request for Declaratory Relief ("Plaintiffs'

Original Complaint").  Plaintiffs original complaint alleged that "[t]he Court has

jurisdiction of the lawsuit over the lawsuit [sic] because the action arises under

Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, 2202."  Plaintiffs' Original

Complaint ¶ 3.

On the same day suit was filed, the court issued an order concluding that no

valid basis for subject matter jurisdiction was alleged in the complaint.  Order, filed

May 10, 2005, at 2.  The court noted that the Declaratory Judgment Act, 28 U.S.C.

§§ 2201-2202, does not confer subject matter jurisdiction on the federal courts.  *Id.* at

1; see *Skelly Oil Company v. Phillips Petroleum Company*, 339 U.S. 667, 671 (1950) (the

Declaratory Judgment Act, being procedural only, did not extend the subject matter

jurisdiction of the federal courts); *Red Lobster Inns of America, Inc. v. New England Oyster*

*House, Inc.*, 524 F.2d 968, 969 (5th Cir. 1975) ("the Declaratory Judgment Act . . .

does not independently confer federal jurisdiction.").  The court also observed that

Rule 57 cannot sustain jurisdiction because Federal Rule of Civil Procedure 82

explicitly states that "[t]hese rules shall not be construed to extend . . . the

jurisdiction of the United States district courts."  Order, filed May 10, 2005, at 2.

The court also granted plaintiffs leave to amend their complaint to cure the

defect by May 20, 2005.  *Id.*  On that same date, the plaintiffs amended their

complaint alleging jurisdiction under Article III, § 2 of the United States

Constitution.  Plaintiffs' First Amended Complaint and Request for Declaratory

Relief ("Plaintiffs' First Amended Complaint") ¶ 3.  Plaintiffs assert that Article III,

§ 2 provides in pertinent part that the judicial power of the federal court "shall extend

to all Cases, in Law and Equity, . . . to which the United States shall be a Party," and

that "because the Defendant is the United States Department of Housing and Urban

Development, an agency of the United States, the Court has jurisdiction over this

controversy." *Id.*

On July 29, 2005, the defendant filed this motion to dismiss.  Defendant's

Motion to Dismiss, and Brief in Support Thereof ("Motion to Dismiss").

## II.  ANALYSIS

HUD argues, under Federal Rule of Civil Procedure 12(b)(1), that the court

should dismiss this case for lack of  subject matter jurisdiction because the "plaintiffs

hav[e] failed to base their declaratory judgment claim against HUD on a specific

federal statute constituting a waiver of sovereign immunity by the United States."

Motion to Dismiss at 3.

### A.  Subject Matter Jurisdiction -- The Legal Standard

Federal courts are courts of limited jurisdiction.  See *Kokkonen v. Guardian Life*

*Insurance Company of America*, 511 U.S. 375, 377 (1994); *Owen Equipment and Erection*

*Company v. Kroger*, 437 U.S. 365, 374 (1978).  A federal court may exercise

jurisdiction over cases only as expressly provided by the Constitution and laws of the United States. *See* U.S. CONST. art. III §§ 1-2; see also *Kokkonen*, 511 U.S. at 377. Federal law gives the federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A party seeking relief in a federal district court bears the burden of establishing the subject matter jurisdiction of that court. *United States v. Hays*, 515 U.S. 737, 743 (1995); *McNutt v. General Motors Acceptance Corporation of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Langley v. Jackson State University*, 14 F.3d 1070, 1073 (5th Cir.), *cert. denied*, 513 U.S. 811 (1994).

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter. *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudia Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgras AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted).

On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the

existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413).

### B.  The Rayburns' Jurisdictional Basis

The Rayburns request a declaration pursuant to Federal Rule of Civil Procedure 57 and U.S.C. § 2201, 2202.  Plaintiffs First Amended Complaint ¶ 13.  They allege jurisdiction is proper under Article III, § 2 of the United States Constitution. *Id.* ¶ 3.  The United States, along with its agencies and instrumentalities, enjoys immunity from suit unless that immunity has been expressly waived by Congress. *In re Supreme Beef Processors, Inc.*, 391 F.3d 629, 633 (5th Cir. 2004) (holding the United States Department of Agriculture immune from suit without an express waiver of immunity by Congress).  Absent a specific statutory consent to suit, a court does not have jurisdiction over an action against the United States and must dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). *In re Supreme Beef*, 391 F.3d at 633; see also *United States v. White Mountain*

*Apache Tribe*, 537 U.S. 465, 472 (2003) ("Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity").

The Rayburns have not provided a specific statutory consent to suit. They have merely pointed to Article III, § 2 of the United States Constitution as the basis for subject matter jurisdiction in this case. First Amended Complaint at 2. This is not, however, an express waiver of immunity by Congress.

The court concludes that Congress has not provided a clear statement waiving sovereign immunity in this case. As a result, this court does not have subject matter jurisdiction over the Rayburns' complaint and request for declaratory relief.

## III.  CONCLUSION

For the reasons discussed above, the defendants' motion to dismiss plaintiffs' first amended complaint and request for declaratory relief is **GRANTED**. Judgment will be entered dismissing this case for lack of subject matter jurisdiction.

**SO ORDERED**.

September 9, 2005.

_____
A. JOE FISH
CHIEF JUDGE